UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY FULTON, | ) | CASE NO. 1:10-cv-00275-MJS (PC) |
| Plaintiff, | ) | ORDER DENYING MOTION TO COMPEL AND MOTION FOR PRELIMINARY INJUNCTION |
| v. | ) | |
| P. L. VASQUEZ, et al., | ) | (ECF Nos. 11 & 15) |
| Defendants. | ) | |

**ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Billy Fulton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original Complaint on February 18, 2010. (ECF No. 1.) He consented to Magistrate Judge jurisdiction on February 26, 2010. (ECF No. 4.) Plaintiff filed a First Amended Complaint on May 24, 2010. (ECF No. 10.) No other parties have appeared in this action. The Court has not yet screened Plaintiff's Complaint.

Plaintiff now has two motions pending before the Court: a Motion to Compel and a Motion for Preliminary Injunction. (ECF Nos. 11 & 15.) The Court will address each in turn below.

## II. MOTION TO COMPEL

On May 24, 2010, Plaintiff filed a Motion for Order Compelling Defendants to Reply to/Answer Plaintiff's Administrative Grievance and Inmate Requests for Interview. (ECF No. 11.)  As of this date, the Court has not screened Plaintiff's Complaint, not authorized service of it, or issued an order initiating discovery in this case.  Accordingly, Plaintiff's Motion to Compel is premature and DENIED on that grounds.  Since Plaintiff's Complaint also complains of the same delay, if the Court finds that the Complaint states a cognizable claim, it may revisit Plaintiff's request for an order compelling a response.

## III. MOTION FOR INJUNCTION

On August 6, 2010, Plaintiff filed a Motion for Order to Show Cause for a Preliminary Injunction. (ECF No. 15.)  In it he seeks an order requiring Defendants to follow the prison policies and answer his grievance regarding inadequate dental care.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis

added).

Federal courts are courts of limited jurisdiction and, in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18

U.S.C. § 3626(a)(2).  Moreover, where "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

Plaintiff claims that his grievances about inadequate dental care are being improperly screened and that the screening will cause his Complaint to be dismissed for failure to exhaust administrative remedies. More specifically, he claims that Defendants have for nine months frustrated his efforts to proceed with a grievance process.  He contends that, absent Court intervention, he will continue to suffer irreparable harm, that money damages would be an inadequate remedy, that he is likely to succeed at trial, that the balance of equities is in his favor, and that granting the injunction is in the public interest.

At this stage in the proceedings, Plaintiff has failed to satisfy the legal prerequisites for issuance of a preliminary or permanent injunction by showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. First, Plaintiff has not demonstrated that he will succeed on the merits of his case.  He makes the assertion that he will succeed, but does not say how or why or give the Court a basis for agreeing.  He does allege the potential for suffering irreparable harm from the deterioration of his teeth, but does not show that the timely processing of his grievance will improve his dental care.  He does not address the balance of equities or the public interest

4

components other than to make the statement that both are in his favor.

Based on the foregoing, the Court ORDERS that Plaintiff's motion for injunctive relief be DENIED. The Court recognizes that Plaintiff's Complaint, which is yet to be screened, also requests injunctive relief, using the exact reasoning given in the motion. In the event the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for injunctive relief outlined in the Complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel is DENIED; and
2. Plaintiff's Motion for Injunction is DENIED.

IT IS SO ORDERED.

Dated:   January 10, 2011                    /s/ *Michael J. Seng*
ci4d6                                         UNITED STATES MAGISTRATE JUDGE