# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOE FULTON, | CASE NO.    1:10-cv-00275-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 10) |
| P.L. VASQUEZ, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

_____/

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

On February 18, 2010, Plaintiff Billy Joe Fulton, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff submitted a Motion for Leave to File an Amended Complaint along with his First Amended Complaint on May 24, 2010.  (ECF Nos. 9, 10.)  The Court granted Plaintiff's motion and accepted the amended pleading on June 14, 2010.  (ECF No. 13.)  Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4.)  Plaintiff's First Amended

1

1    Complaint is now before the Court for screening.

2    **II.    SCREENING REQUIREMENT**

3            The Court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

6
7    raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

8    relief may be granted, or that seek monetary relief from a defendant who is immune from

9    such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

10   thereof, that may have been paid, the court shall dismiss the case at any time if the court

11
12   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

13   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

14           Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

15   or immunities secured by the Constitution and laws' of the United States."  Wilder v.

16   Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

17
18   is not itself a source of substantive rights, but merely provides a method for vindicating

19   federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

20   **III.   SUMMARY OF COMPLAINT**

21           The First Amended Complaint identifies the following Wasco State Prison ("Wasco")

22   officials as defendants in this action: (1) P.L. Vasquez, Warden; (2) Brad Moyes,

23   Correctional Counselor II; (3) R. Stoddard, Correctional Counselor; (4) John Doe Chief

24   Medical Officer; and (5) John Does one through twenty-five.

25           Plaintiff alleges the following:
26
27

Plaintiff has partially-completed dental work that causes pain.  Defendant Chief Medical Officer created a policy at Wasco "to only dull[1] teeth."  (Compl. at 5.)  Plaintiff has requested placement in a facility capable of treating the pain in his teeth.  Defendants Stoddard and Moyes have received Plaintiff's repeated requests for adequate dental care but refuse to answer Plaintiff's grievances.  (Id.)  Plaintiff has endured pain in his teeth for approximately five months.  (Id.)

Plaintiff alleges that the Defendants' failure to provide adequate dental care violated the Eighth Amendment's prohibition against cruel and unusual punishment.  Plaintiff further alleges that the failure to respond to his grievances violated his rights to Due Process and Equal Protection and has frustrated or denied his right to petition the courts.  (Id.)  The Court will address each claim below.

## IV.   ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

---

[1]  The First Amended Complaint is hand written in all capital letters and appears to allege that dentists at Wasco only "dull teeth."  Plaintiff's writes the letter "P" and "D" similarly.  Given the context, Plaintiff may have meant to allege that dentists at Wasco will only pull teeth.  If Plaintiff chooses to file an amended complaint, he should make clear his allegation regarding the dental policy at Wasco.

1
2
3
4
5
6
7

mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

8

      **A.**      **Section 1983 Linkage Requirement**

9
10
11
12
13
14
15

      Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

16
17
18
19
20
21
22
23
24
25
26
27

      The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The First Amended Complaint does not meet the section 1983 linkage requirement with respect to Warden Vasquez.  Plaintiff attributes liability to Warden Vasquez solely based on his role as the ultimate authority figure at Wasco; he avers no facts that connect Warden Vasquez personally to the violations alleged in his complaint.

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  Id. at 1948.  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege facts showing that Warden Vasquez personally participated in the alleged deprivation of constitutional rights.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### B.  John Does 1-25

"John Doe" defendant liability must be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," or otherwise distinguish each defendant, e.g., "Gang Unit Interviewer John Doe," so that every John Doe refers to a different specific person.  Plaintiff also must identify how each such named defendant, including those named as Doe, is liable for a constitutional violation.  Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

Plaintiff names twenty-five John Does as Defendants in this action without distinguishing each individual or explaining how any of them participated in the alleged

constitutional violations.  The Court cannot determine whether a cognizable claim has been stated against any of the John Does until Plaintiff distinguishes them and connects each John Doe individually to the conduct complained of in his complaint.

In order to give Plaintiff an opportunity to link these Doe Defendants to the alleged acts or omissions that violated Plaintiff's federal rights, the Court shall grant Plaintiff leave to amend.  In his amended complaint, Plaintiff shall either name the defendants involved or list the number of Doe defendants involved.  If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts attributed to each of these Doe defendants, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

## C.    Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment.   "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  "Medical" needs include a prisoner's "physical, dental, and mental health."  Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) ("[T]he Eighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care.").

The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096

6

(quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of

7

action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that he is suffering tooth pain and is in need of treatment other than that offered at Wasco.  The Court finds that Plaintiff has adequately alleged a serious medical need and has satisfied the first element of his Eighth Amendment claim.  See Hunt, 865 F.2d at 200 (finding that prisoner's bleeding gums, breaking teeth and his inability to eat properly were sufficiently serious to satisfy the Eighth Amendment); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

Although Plaintiff has alleged a serious medical need, the First Amended Complaint does not allege sufficient facts to show that any of the Defendants acted with deliberate indifference.  Defendant Vasquez and John Does one through twenty-five were not properly connected to any of the alleged constitutional violations.  Without linking these Defendants to the alleged violations, Plaintiff cannot establish that they were deliberately indifferent.  With regard to the remaining Defendants - Moyes, Stoddard, and John Doe Chief Medical Officer - Plaintiff does not explain how their alleged actions or inaction contributed to the violation of Plaintiff's rights.

Moyes and Stoddard are both alleged to have failed to answer Plaintiff's inmate requests and grievance forms.  (Compl. at 3.)  Plaintiff does not allege that either Defendant was involved in any way with dental care at Wasco.  The limited facts provided in the First Amended Complaint do not connect Moyes and Stoddard with the alleged Eighth Amendment violation.  In order to state an Eighth Amendment claim against Moyes and Stoddard, Plaintiff must allege sufficient facts to show that these Defendants not only were deliberately indifferent to Plaintiff's serious medical need, but also had the ability to effect Plaintiff's access to requested dental care.

The First Amended Complaint alleges that John Doe Chief Medical Officer "set local policy to only dull teeth at [Wasco]."  (Compl. at 5.)  That is the only statement relating this Defendant to an alleged Eighth Amendment violation.  It is not clear exactly what the policy for dental care was at Wasco and how it was inadequate.  Plaintiff does not offer enough facts for the Court to determine whether numbing teeth was the only dental procedure offered or whether other procedures were or should have been available.  The Court is unable to find a cognizable claim because there are not enough facts to determine what the policy was and whether it amounted to deliberate indifference.  Should Plaintiff chose to submit an amended complaint, he must include additional facts so that the Court can understand John Doe Chief Medical Officer's policy, what dental care was or was not provided to Plaintiff, and how that care was constitutionally deficient.  Plaintiff is reminded that medical malpractice cannot support an Eighth Amendment claim; and that in order to state a cognizable claim, he must include truthful facts alleging that John Doe Chief Medical Officer's policy was medically unacceptable and implemented in conscious disregard of an excessive risk to Plaintiff's health.  McIntosh, 90 F.3d at 332.

1

### D. <u>Access to Court and Due Process</u>

2    Plaintiff alleges that Moyes and Stoddard violated his "rights to Due Process . . . [by]

3    not answer/reply to Plaintiff's administrative grievance thus frustrating his efforts in court,

4    denying him access." (Compl. at 5.)  The Court has construed this section of the First

5    Amended Complaint as alleging that by not responding to Plaintiff's grievances, Moyes and

6    Stoddard violated Plaintiff's right of access to the court under the First Amendment and his

7    right to due process under the Fourteenth Amendment.

8

9    Inmates have a fundamental constitutional right of access to the courts.  <u>Lewis v.</u>

10   <u>Casey</u>, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas

11   petitions, and civil rights actions.  <u>Id.</u> at 354.  Claims for denial of access to the courts may

12   arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-

13   looking access claim) or from the loss of a meritorious suit that cannot now be tried

14   (backward-looking claim).  <u>Christopher v. Harbury</u>, 536 U.S. 403, 412-15 (2002).  To prevail

15   on a claim, a plaintiff must show that he suffered an actual injury by being shut out of court.

16   <u>Id.</u> at 415; <u>Lewis</u>, 518 U.S. at 351.

17

18   Although claims must be exhausted via the inmate appeals process, 42 U.S.C. §

19   1997e(a), failure to exhaust is an affirmative defense, not a pleading requirement.  <u>Jones</u>

20   <u>v. Bock</u>, 549 U.S. 199, 216 (2007).  Further, "[a prison] grievance procedure is a procedural

21   right only, it does not confer any substantive right upon the inmates."  <u>Azeez v. DeRobertis</u>,

22   568 F. Supp. 8, 10 (N.D. Ill. 1982) accord <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir.

23   1993); <u>see</u> <u>also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest

24   in processing of appeals because no entitlement to a specific grievance procedure);

25   <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

26

27

confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." <u>Azeez v. DeRobertis</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. <u>Buckley</u>, 997 F.2d at 495.

Plaintiff's allegations do not state a cognizable claim against Moyes or Stoddard for interfering with Plaintiff's access to the courts in violation of the First Amendment as Plaintiff has not alleged the existence of any actual injury to litigation. Further, since he does not have a liberty interest, or a substantive right in inmate appeals, and there is no pleading requirement to show exhaustion, Plaintiff fails, and is unable to state a cognizable claim for the processing and/or reviewing of his inmate appeals.

Plaintiff's allegations against Moyes and Stoddard for the handling of his inmate appeals, construed as First and Fourteenth Amendment violations as discussed above, do not, and cannot be amended to, state a cognizable claim and are therefore dismissed with prejudice.

E.    **Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. <u>City of Cleburne v. Cleburne Living Center, Inc.</u>, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See <u>e.g.</u>, <u>Comm. Concerning Cmty. Improvement v. City of Modesto</u>, 583 F.3d 690, 702-03 (9th Cir. 2009); <u>Serrano v.</u>

1   <u>Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003), <u>Lee v. City of Los Angeles</u>, 250 F.3d 668,

2   686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the

3   defendants' actions were a result of the plaintiff's membership in a suspect class, such as

4   race.  <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1167 (9th Cir. 2005).

5       If the action in question does not involve a suspect classification, a plaintiff may

6   establish an equal protection claim by showing that similarly situated individuals were

7   intentionally treated differently without a rational relationship to a legitimate state purpose.

8    <u>Engquist v. Oregon Department of Agriculture</u>, 553 U.S. 591, 601-02, 128 S.Ct. 2146

9   (2008); <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000) (coining

10   the term "class of one"); <u>Gonzalez-Medina v. Holder</u>, 641 F.3d 333, 336 (9th Cir. 2011);

11   <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 592 (9th Cir. 2008); <u>North Pacifica LLC v.</u>

12   <u>City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008).  To state a claim as a class of one, a

13   plaintiff must articulate who he is similarly situated to and how they are similar in order for

14   disparate treatment to equate to a violation of his rights to equal protection.  <u>See</u> <u>McCollum</u>

15   <u>v. California Dept. Of Corrections and Rehabilitation</u>, 647 F.3d 870, 880-81 (9th Cir. 2011),

16   <u>citing</u> <u>Flores v. Morgan Hill Unified Sch. Dist.</u>, 324 F.3d 1130, 1134 (9th Cir. 2003).

17       The Court is unable to discern a single allegation in the First Amended Complaint

18   supporting Plaintiff's equal protection claim.  Plaintiff will be given the opportunity to

19   amend.  In order to state a cognizable equal protection claim, Plaintiff must include truthful

20   facts showing that either the Defendants (1) discriminated against Plaintiff on the basis of

21   Plaintiff's membership in a protected class or (2) Plaintiff was intentionally treated

22   differently from similarly situated individuals without a rational basis.

23   ///

12

1

**V.   CONCLUSION AND ORDER**

2

Plaintiff's First Amended Complaint does not state a claim for relief under section

3
4
1983.  The Court will grant Plaintiff one final opportunity to file an amended complaint.  Noll

v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must

5
6
demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.

Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state

7
8
a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555

9
(2007)).   Plaintiff  must  also  demonstrate  that  each  named  Defendant  personally

10
participated in a deprivation of his rights.  Jones, 297 F.3d at 934.

11
12
Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

13
14
2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing

15
the deficiencies set forth above.

16
Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

17
be complete in itself without reference to any prior pleading.   As a general rule, an

18
amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,

19
20
57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

21
serves any function in the case.   Therefore, in an amended complaint, as in an original

22
complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23
The amended complaint should be clearly and boldly titled "Second Amended Complaint,"

24
refer to the appropriate case number, and be an original signed under penalty of perjury.

25
26
Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as

27
true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

13

speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY RECOMMENDED that:

1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed May 24, 2010;

2.    Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.    Plaintiff shall file an amended complaint within thirty (30) days; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.


Dated:    October 30, 2011          /s/ *Michael J. Seng*

ci4d6                              UNITED STATES MAGISTRATE JUDGE

14