UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY FULTON, | | CASE NO. 1:10-cv-275-MJS (PC) |
| | Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | | |
| P.L. VASQUEZ, | | (ECF No. 17) |
| | Defendant. | PLAINTIFF MUST FILE AMENDED COMPLAINT BY JANUARY 20, 2012 |

Plaintiff Billy Fulton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the Magistrate Judge handling all matters in this action. (ECF No. 4.)

Plaintiff initiated this action on February 18, 2010, and with leave of the Court, filed an amended complaint on May 24, 2010. (ECF Nos. 1 & 10.) The Court screened Plaintiff's amended complaint on October 31, 2011, found that it failed to state a cognizable claim, and gave Plaintiff leave to file another amended complaint. (ECF No. 17.) Plaintiff was to file his second amended complaint by December 5, 2011. (Id.) The December 5, 2011 deadline has passed, and Plaintiff has not filed a second amended complaint or a request for an extension.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and

all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's October 31, 2011 Order, even though the December 5, 2011 deadline contained in the Order has passed. (ECF No. 17.) Accordingly, Plaintiff shall file a second amended complaint no later than **January 20, 2012,** or show cause why his case should not be dismissed for failure to comply with a Court order and failure to state a claim. **Failure to meet this deadline will result in dismissal of this action**.

IT IS SO ORDERED.

Dated:   December 16, 2011          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE